**CROWN EQUIPMENT CORP.,
et al., Plaintiffs,**

v.

**PACE MEMBERSHIP WAREHOUSE,
INC., Defendant.**

**No. 3:94CV7705.**

United States District Court,
N.D. Ohio,
Western Division.

Dec. 4, 1995.

---

Stephen A. Rothschild, David W. Wicklund, Shumaker, Loop & Kendrick, Toledo, OH, for plaintiffs.

James F. Nooney, Eastman & Smith, Toledo, OH, for defendant.

## MEMORANDUM & ORDER

CARR, District Judge.

This is an action seeking a declaratory judgment and an award of costs and expenses that plaintiffs have incurred or will incur in related litigation between these parties in two state courts. Pending are cross-motions for partial summary judgment. For the following reasons, this action shall be dismissed without prejudice.

Plaintiffs are Crown Equipment Corporation (Crown) and its subsidiary, Crown Credit Corporation (Crown Credit). Crown Credit leased equipment to defendant under a Master Lease Agreement dated March 1, 1989 (Doc. 28 ¶ 8, Exh. A; Doc. 30 ¶ 8). The lease stated that Pace, as lessee, "shall" maintain liability insurance for each piece of equipment leased (Doc. 28 ¶ 4.04). It added that such insurance shall name Crown Credit as an additional insured, and also shall name Crown as such with respect to each piece of equipment that Crown manufactured (*id.*).

Pace did not obtain such insurance, at least in two instances where litigation arose out of accidents involving equipment Pace leased from plaintiffs (Doc. 30 ¶ 20). One of these accidents has led to litigation against Crown and Crown Credit in a Maryland state court (Doc. 28 ¶¶ 13, 26; Doc. 13 ¶¶ 13, 26). The complaint in that case alleges that a forklift, manufactured by Crown and leased to Pace by Crown Credit, caused a wrongful death (*id.*). Pace has refused to defend and indemnify Crown and Crown Credit (Doc. 30 ¶¶ 19, 28).

The other case against Crown has been brought in a Rhode Island state court (Doc. 28 ¶ 14; Doc. 13 ¶ 14). The complaint alleges that a forklift manufactured by Crown and leased to Pace by Crown Credit caused a personal injury (*id.*). Pace has refused to reimburse Crown for some of Crown's defense expenses. Pace also denies that the lease obligates it to defend and indemnify Crown, though in fact it has begun doing so (Doc. 28 ¶ 17; Doc. 30 ¶¶ 16, 17).

348

■ In the instant action, Crown and Crown Credit request a declaratory judgment pursuant to 28 U.S.C. § 2201 (Doc. 28 ¶ 3). They seek a declaration that the lease requires Pace to defend them in the Maryland and Rhode Island actions and any future actions that may arise from use of the leased equipment. Plaintiffs also seek a declaration that they are entitled to indemnity from Pace if judgments are entered against Crown or Crown Credit. Finally, they ask for recovery of their defense costs and expenses, plus appropriate equitable relief.

■ A declaratory judgment is a "nonobligatory" remedy. *Wilton v. Seven Falls Co.,* —— U.S. ——, ——, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995). A federal district court has discretion to stay or dismiss an action seeking a declaratory judgment. *Id.* at —— – ——, 115 S.Ct. at 2143–44. The plaintiff in *Wilton,* like Crown and Crown Credit in this case, sought a declaration concerning one party's duty to defend or indemnify the other pursuant to a contract. However, "parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court." *Id.* at ——, 115 S.Ct. at 2144. Consequently, the district court stayed the action "in order to avoid piecemeal litigation and to bar ... attempts at forum shopping." *Id.* at ——, 115 S.Ct. at 2139. The Supreme Court affirmed.

The litigation in Maryland and Rhode Island provides an opportunity to litigate the same question at issue here, namely, does the lease require Pace to defend and indemnify plaintiffs? As in *Wilton,* a stay is justified by "considerations of practicality and wise judicial administration." *Id.* at ——, 115 S.Ct. at 2143.

■■ It is immaterial that further actions might be filed that likewise implicate Pace's obligations under the lease. Both the Constitution's Article III and the Declaratory Judgment Act, 28 U.S.C. § 2201, allow a district court to exercise jurisdiction only over "actual" controversies. No actual controversy exists until a potential injury is sufficiently immediate and real. *See Kelley v. E.I. DuPont De Nemours & Co.,* 17 F.3d 836, 845 (6th Cir.1994). Therefore, at a minimum, plaintiffs would have to "allege facts to support a likelihood" that the injury of which they now complain, but which currently state courts may address, will be repeated. *See id.* They have not done so. The record shows no claim that is either pending or imminent other than those pending in Maryland and Rhode Island. I cannot exercise jurisdiction based on the merely theoretical possibility that future disputes could arise.

I do not express any opinion on the merits, and dismissal of plaintiff's complaint shall not prejudice its ability to reopen litigation if necessary.

In light of the foregoing, it is

**ORDERED THAT** the plaintiff's complaint be and the same hereby is dismissed without prejudice.